[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed with this court a motion to clarify, dated July 19, 1995, requesting that the court correct the amount the plaintiff is ordered to pay to the defendant pursuant to the orders of the property division contained in its July 7, 1995 judgment of dissolution.
Article V of the parties' written stipulation deals with the division of the real and personal property and provides:
 5.1 The Wife and Husband shall each be entitled to one-half of the net value of all assets acquired during the marriage. Each party shall be entitled to a credit against the given value of the assets for each obligation he or she agrees to be responsible for which obligation is agreed to be a valid obligation of the marriage.
 5.2 The Wife shall be entitled to the marital residence as part of her net assets to be kept by her with the Husband receiving subject corresponding credit for one-half of the net equity value.
 5.3 The Husband shall be entitled to keep the household possessions, tools, clothing, etc., currently in their possession subject to a corresponding credit for one-half of the net equity value for any substantial asset kept by each party and acquired during the marriage.
 5.4 In the event the parties cannot agree as to the valuation of the assets, the liabilities of the marriage, or which assets were CT Page 9354 acquired during the marriage, or any other issue raised in this Article, the parties agree to submit their dispute to Superior Court at Danbury for decision by a Judge of the Superior Court at Danbury (or a magistrate or other designee of the Court).
Based upon the findings of the court in its July 7, 1995 memorandum of decision, the assets and liabilities allocated to the wife are as follows:
 House $68,718.28 Van 4,000.00 ---------- 72,718.28
 People's (5,155.10) Chase (3,588.92) First Card (4,052.68) ----------- Wife's Net Assets $59,921.58
The assets and liabilities allocated to the husband are as follows:
 Truck $4,500.00 Tools 13,000.00 Bank Accounts 300.00 Corvette 25,500.00 --------- $43,300.00
 Snap-On-Tools (5,627.40) Joseph Sanna (14,000.00) Credit Cards (4,500.00) MDMA (10,683.35) GMAC (33,122.50) ----------- Husband's Net Assets ($24,633.25)
The parties' total net assets are calculated as follows:
 Wife's Net Assets $59,921.58 Husband's Net Assets (24.633.25) ----------- $35,288.33
Pursuant to article 5.1 of the agreement, each of the parties CT Page 9355 is entitled to one-half of the net value of the assets, or $17,644.17.
The July 7, 1995 memorandum of decision provided for a payment by the plaintiff wife to the defendant husband of $42,277.42 which would result in the following division of the net value of the assets between the parties:
 Wife's Net Assets $59,921.58 Payment to Husband (42,277.42) ----------- $17,644.16
 Husband's Net Assets (24,633.25) Payment from Wife 42,277.42 ----------- $17,644.17
No correction of the amount payable by the plaintiff to the defendant is ordered.
The plaintiff's maiden name of Mattei is ordered restored.
Dennis, J.